PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN PÉREZ MÁRQUEZ, Defendant and Appellant.

No. 4732. Argued May 24, 1932.—Decided May 31, 1932.

*Buenaventura Esteves* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The district attorney of Aguadilla filed an information against Juan Pérez Márquez, charging him with the crime of mayhem.

The case was tried before a jury in the District Court of Aguadilla and defendant was found guilty and sentenced to two years' imprisonment in the penitentiary.

The defendant took an appeal from said judgment, and in his brief he has assigned the following errors as committed by the lower court:

"1. The court erred in instructing the jury as follows: 'It is not necessary to prove that the aggrieved party has been deprived of an important limb, for when a human being is deprived of any member of his body, important or not, it is mayhem.' And immediately after 'Under a charge of mayhem the jury may find defendant guilty of the crime of aggravated assault and battery, or of simple assault and battery, if at the trial it is proved that the injured party has not suffered the loss of an important member of his body.'

"2. The court erred in admitting as evidence, over the objection of defendant, the statements of the witnesses Luis Pérez and Narciso Santiago, taken before the Municipal Judge of San Sebastián during the investigation and offered by the district attorney during the trial of this case.

"3. The jury committed manifest error of fact in weighing the evidence offered, for which reason the verdict and judgment are contrary to the law and the facts."

Among these assignments, the most important one is that which relates to the admission by the court of the former statements of the witnesses Luis Pérez and Narciso Santiago.

In order to pass upon this assignment, it is advisable to state substantially the facts that caused the dispute between the prosecution and the defense.

The witnesses for the prosecution, with the exception of the injured party Arcelio Brignoni, who denied having incited defendant and stated that the latter assaulted him on the back, testified that Brignoni and Juan Pérez had an argument in the store and house of Juan Pérez, and that Brignoni, upon stepping out of the house, vituperated his mother and incited Juan Pérez Márquez with very offensive words

and also throwing a stone at him. Defendant then jumped out and wounded Brignoni.

The accused testified that Brignoni jumped out of the house insulting him and challenging him to fight, and from the ground he threw at him a stone weighing about two pounds and fourteen ounces which nearly killed him; that he, the accused, was forced to go inside the house and when there was nothing else for him to do, he took out his machete and when Brignoni came forward, he used his machete, for he did not know whether Brignoni had a revolver or a dagger and he used his machete while in the house as he, the accused, did not dare to step out.

The witnesses for the defense, Luis Pérez and Narciso Santiago, testified that Brignoni stepped out and insulted Juan Pérez, inviting him to fight and that he threw at the latter a stone which hit him on the chest; that Juan Pérez Márquez remained in the house and that when Brignoni hit him with the stone he fell backwards and took a machete which was in a corner and when Brignoni came to the door the accused wounded him with the machete; that the accused was in his room when he wounded Brignoni.

The witnesses for the prosecution, then, maintain that the accused stepped out of the store to injure Brignoni, whereas the witnesses for the defense state that the accused remained in the house and from there he wounded Brignoni.

When the witnesses for the defense, Luiz Pérez and Narciso Santiago, testified that the accused was in the room of the store when he wounded Brignoni, the district attorney attempted to impeach said witnesses. We transcribe below a portion of the examination by the district attorney of the witness for the defense, Luis Pérez:

"You say that you testified before the Municipal Judge?
"Yes, sir.
"Do you know how to sign?
"Yes, sir.

"Did you sign the declaration which you gave before the Municipal Judge of San Sebastián?

"Yes, sir.

"That was on December 16 of last year?

"Yes, sir.

"Is it not true that you told the municipal judge that Juan Pérez stepped out of the house and that he was outside the house when he wounded Brignoni?

"No, sir.

"District Attorney: I announce that I am going to impeach this witness.

"Is it not true that on December 16, 1930, two days after these facts occurred, you appeared before the Municipal Judge of San Sebastián, Mr. Angel Emilio Franco, and you testified?

"I testified in the Court of San Sebastián.

"Did you sign your statement?

"Yes, sir.

"See if this is your signature.

"I do not see very well.

"Try to see a little; see if this is your signature.

"Yes, sir; Luis Pérez.

"Is that your signature?

"Yes, sir.

"And you signed said statement before the Municipal Judge of San Sebastián?

"Yes, sir.

"On December 16, 1930?

"Yes, sir.

"*          *          *          *          *          *          *          *

"And you say it is not true that Juan Pérez stepped out of the store with the machete and wounded Brignoni?

"No, sir.

"District Attorney: Nothing further; I announce that I am going to impeach this witness.

Later the district attorney continued to question the witness for the defense, Narciso Santiago, as follows:

"Do you remember that you testified two days after these facts before the Municipal Judge of San Sebastián?

"Yes, sir.

"That is, December 16 of last year?

"Yes, sir.

"District Attorney: I announce that I will impeach this witness."

The district attorney continued to examine the witness as follows:

"Is it not true that on December 16 of last year, in San Sebastián, in the municipal court of said town, before the municipal judge, Mr. Franco, you stated that this defendant stepped out of the house and it was there that he wounded Brignoni?

"No sir, I did not state that.

"Did you sign the statement you gave before the Municipal Judge of San Sebastián?

"Yes, sir.

"See, if that is your signature.

"Yes, sir.

"Did you sign that statement?

"Yes, sir.

"And, isn't that the deposition you gave before the Municipal Judge of San Sebastián?

"Yes, sir.

"In San Sebastián?

"Yes, sir.

"District Attorney: Your Honor, I desire that the clerk mark provisionally these declarations which I will later present in evidence."

At the close of defendant's evidence, the district attorney offered the statements made by Luis Pérez and Narciso Santiago before the Municipal Judge of San Sebastián. The attorney for the defendant objected on the ground that these statements were completely inadmissible in evidence according to the jurisprudence of this Court on that point. The court admitted said statements and counsel for defendant took an exception.

We have seen that the district attorney, in laying a foundation for impeaching the witnesses by proof of contradictory statements, only showed them the signatures to the documents which he later offered in evidence, inquiring whether those were their signatures to which they answered affir-

matively; but he did not hand them the documents so that they could read and examine them, nor were they read or their attention called to the contradiction existing so that they could explain them if they so desired.

We think that in accordance with the doctrine of the case of *People* v. *Lafontaine*, 43 P.R.R. 21, the court erred in admitting as evidence the statements of these witnesses without complying with the requisites mentioned in the case cited. Said witnesses stated before the Municipal Judge of San Sebastián that when the injured party, Arcelio Brignoni, threw a stone at Juan Pérez and hit him in the chest, the latter turned, searched for his machete, stepped out of the house, and wounded Arcelio Brignoni on his back.

The evidence offered by defendant is in conflict on this point with the evidence presented by the prosecution. No opportunity was given to the witnesses to explain the contradictions and we believe their prior statements should not have been admitted, and that the court erred in submitting them to the jury.

Having decided said error, we consider unnecessary to decide the other two errors assigned in defendant's brief.

For the reasons stated, we believe that the judgment appealed from should be reversed and the case remanded to the lower court for a new trial.